UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FARROW,

        Petitioner,                        Case Number 12-CV-11121
                                                   Honorable George Caram Steeh

v.

DEBRA SCUTT,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This matter is before the Court on Petitioner Curtis Farrow's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner pled no contest but mentally ill in the Saginaw Circuit Court to carjacking, MICH. COMP. LAWS § 750.529a, receiving and concealing stolen property, MICH. COMP. LAWS § 750.5357; two counts of fleeing and eluding a police officer, MICH. COMP. LAWS § 750.602a(3); two counts of resisting and obstructing police, MICH. COMP. LAWS § 750.81d(1); and two counts of assault with a dangerous weapon. MICH. COMP. LAWS § 750.82. Petitioner was sentenced as a third-time habitual offender to 33⅓-to-50 years for the carjacking conviction and lesser concurrent terms for his other convictions. The petition claims that: (1) Petitioner's sentence was based on inaccurate information; (2) a correction of the sentencing guidelines would require resentencing; (3) the habitual offender statute was incorrectly applied; (4) Petitioner was deprived of the effective assistance of counsel at sentencing; (5) the trial court used an incorrect standard of review to score the sentencing guidelines; (6) the prosecutor waived its

objections to Petitioner's arguments regarding the scoring of the guidelines; and (7) the trial court erred in granting the prosecutor's motion for rehearing because it employed an improper analysis. The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

### I. Facts and Procedural History

The charges against Petitioner arose from an incident in which he stole a car from a car rental agency. The car was equipped with a satellite system that allowed the police to track its location. When officers intercepted the vehicle and attempted to stop Petitioner, he led them on a high-speed chase. Petitioner crashed and then fled on foot into a residential area. He found a couple sitting on their porch and took their van keys. He then led officers on another high speed chase during which he rammed a police vehicle and almost struck an officer. The van caught fire, but Petitioner nevertheless continued to flee. Eventually, he was forced to abandon the burning vehicle and continue on foot. A canine unit later found Petitioner hiding in a yard. Petitioner was then arrested and charged with multiple felony offenses. After Petitioner was examined to determine his competency to stand trial, he pleaded no contest but mentally ill as indicated above.

Following sentencing, Petitioner filed a motion to correct invalid sentence. The trial court held a hearing, and ordered that Petitioner be resentenced. The prosecutor filed a motion for reconsideration, and the trial court vacated its previous order and ordered that Petitioner's original sentence would stand.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, which raised the same claims Petitioner presents in his habeas petition. The Michigan

Court of Appeals denied Farrow's application "for lack of merit in the grounds presented." *People v. Farrow*, No. 298804 (Mich. Ct. App. Aug. 9, 2010).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which again raised the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Farrow*, 794 N.W.2d 613 (Mich. 2011) (table).

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error

correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, at 786-787.

### III. Analysis

All of Petitioner's claims concern the scoring of the sentencing guidelines. Petitioner's first claim asserts that the sentencing guidelines were scored based on inaccurate information, and that the prosecutor failed to prove the facts used for the scoring beyond a reasonable doubt. Specifically, Petitioner argues that points were assessed for the offense variable concerning use of a weapon, OV 1, though the offenses to which Petitioner pled did not necessarily entail the use of a weapon. Petitioner makes similar arguments based on the scoring of OV 2 - lethal potential of weapon used, OV 3 - degree of physical injury, OV 4 - serious psychological injury, OV 9 - number of victims, OV 10 - exploitation of vulnerability of victims, OV 17 - degree of negligence exhibited, and OV 19 - interference with the administration of justice. Petitioner's second habeas claim asserts that if the these offense variables were correctly scored, his guideline range would change, and he would be entitled to resentencing. Petitioner's third claim asserts that he was erroneously sentenced as a third-time habitual felony offender because the two prior felonies were part of the same transaction and therefore should have been treated as one prior offense. Petitioner's fourth claim asserts that his trial counsel was ineffective for failing to raise his sentencing claims at the sentencing hearing. Petitioner's fifth claim asserts that the prosecutor erroneously argued that offense variables could be assessed points of "any evidence" existed to support the scoring. Petitioner's sixth claim asserts

that the trial court erred in granting the prosecutor's motion for reconsideration because the prosecutor had waived the arguments presented in that motion. Petitioner's final claim asserts that the trial court employed the wrong analysis in deciding his resentencing claims. None of these claim have merit.

To the extent that Petitioner argues that the trial court erred in scoring the sentencing guidelines, his claim raises issues of state law and does not implicate any federal rights and is non-cognizable on federal-habeas review. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (habeas-corpus relief does not lie for errors of state law) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); see also *Landrum v. Mitchell*, 625 F.3d 905, 913 (6th Cir. 2010) (same). Petitioner's assertion that his sentence is invalid because the trial court incorrectly scored the offense variables under the State's sentencing guidelines fails to state a claim for federal-habeas relief because it is a state-law claim and non-cognizable. *See Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000)(citation omitted).

To the extent that Petitioner argues that his sentence is improper because his minimum-sentence-guidelines range was increased based on facts not proven to jury beyond a reasonable doubt or admitted by him is likewise without merit. In support of this claim, Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), in which the United States Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id*. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)); see also *United States v. Booker*, 543 U.S. 220, 232 (2005) (same). However, this claim has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000,

1002 (6th Cir. 2009) (*Apprendi's* rule does not apply to judicial fact-finding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum); see also *Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (same). This Court is bound by the Sixth Circuit's decisions.

Petitioner's ineffective assistance of counsel claim is likewise foreclosed by the fact that, at root, Petitioner is claiming that the state court erred in scoring the guidelines. The trial court ultimately found that–as a matter of state law–the scoring was correct, and the Michigan Court of Appeals subsequently denied Petitioner relief "for lack of merit in the grounds presented." In light of these decisions, it is apparent that any objection to the scoring of the sentencing guidelines at the sentencing hearing would have been futile, and counsel was not ineffective for failing to do so. See *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

Petitioner's assertion that the prosecutor argued for an improper standard of review for the scoring of the guidelines is equally unavailing. As stated, the scoring of the guidelines is a matter of state law that does not implicate Petitioner's constitutional rights. In any event, nowhere in the trial court's opinion granting the prosecutor's motion for reconsideration did it state that the standard for scoring offense variables is whether "any evidence" supported the scoring. The trial court appeared to use the facts contained in the Presentencing Information Report to score the offense variables, and Petitioner does not contest the validity of any of the facts contained in the report. Therefore Petitioner has not shown that the prosecutor's argument regarding the standard of review affected the trial court's decision. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (habeas petitioner must show error had "substantial and injurious effect or influence" on outcome to show entitlement to habeas relief).

Finally, Petitioner's argument that the prosecutor waived the arguments it presented in its motion for reconsideration does not entitle him to any relief. There is no federal law that establishes the right of a defendant to have a prosecutor raise all arguments in its initial response to a motion filed in a trial court. This argument therefore is without merit.

Because none of Petitioner's claims have merit, the petition will be denied.

### IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's assessment of Petitioner's claims. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because an appeal could not be taken in good faith.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to proceed on appeal in forma pauperis is **DENIED**.

Dated: May 23, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 23, 2013, by electronic and/or ordinary mail and also on Curtis Farrow #597125, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk